An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
PETER M. RINATO, BAR NO. 8636.

No. 69092

**FILED**

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Peter M. Rinato. Under the agreement, Rinato admitted to violations of RPC 1.15 (safekeeping property) and RPC 8.4 (misconduct).

The agreement provides for a six-month-and-one-day suspension to be served concurrently with the six-month suspension previously imposed in Docket No. 64956. The agreement further provides for a two-year probationary period following reinstatement to the practice of law during which time, Rinato must: (1) promptly comply with all State Bar requests for information, (2) not engage in any activity that results in public discipline, including a letter of reprimand; (3) obtain a mentor approved by the State Bar for purposes of accounting and law practice management; (4) meet with his mentor twice a month to discuss

SUPREME COURT
OF
NEVADA

(O) 1947A

15-39531

accounting practices and any other issues pertaining to his legal practice; (5) provide quarterly reports to the State Bar regarding his trust account, including but not limited to, copies of his trust account statements; and (6) not be convicted of any crime with the exception of minor traffic infractions that do not involve alcohol or controlled substances. Finally, the agreement requires Rinato to pay the costs of the disciplinary proceeding, excluding bar counsel and staff salaries, within 90 days after he receives a bill from the State Bar.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a six-month-and-one-day suspension to be served concurrently with the six-month suspension imposed in Docket No. 64956.[1] Additionally, if Rinato successfully petitions for reinstatement under SCR 116, he will be on probation for two years and must comply with all of the conditions in the plea agreement, as outlined above. Finally, Rinato shall pay the costs of

---

[1] Rinato currently is suspended for failure to pay his State Bar membership dues. Similar to the suspension imposed in Docket No. 64956, the suspension imposed in this order is separate from and in addition to Rinato's dues suspension; the current suspensions for this matter and Docket No. 64956 shall not begin until Rinato has resolved his dues suspension. *See* SCR 98(13) (describing procedure for reinstatement after dues suspension). We further note that Rinato has been suspended for failure to comply with continuing legal education requirements, and his right to reinstatement is conditioned upon full compliance with SCR 212(5) and SCR 213. *In re Continuing Legal Education*, Docket No. 66070 (Order Granting Petition as to Certain Respondent Attorneys, January 29, 2015).

the disciplinary proceedings, excluding bar counsel and staff salaries, within 90 days of receipt of the State Bar's bill of costs. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                               Cherry

_____, J.          _____, J.
Gibbons                                   Pickering

DOUGLAS and SAITTA, JJ., dissenting:

We would reject the conditional guilty plea agreement because the agreed-upon discipline is not sufficient.

_____, J.
Douglas

_____, J.
Saitta

cc:     Chair, Southern Nevada Disciplinary Board
        Peter M. Rinato
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court